**HOUSTON GENERAL INSURANCE CORPORATION, Plaintiff,**

v.

**BSM CORPORATION, Defendant.**

No. 92 C 6516.

United States District Court,
N.D. Illinois, E.D.

Feb. 22, 1994.

Donald A. O'Brien, Jeffrey L. Kaser, Rivkin, Radler & Kremer, Chicago, IL, for plaintiff.

George Edward Bullwinkel, Eric F. Greenberg, Bullwinkel Partners, Ltd., Chicago, IL, Francis W. Deisinger, Michael D. Rechtin, Philip P. Mann, Reinhart, Boerner, Van Deuren, Norris & Rieselbach, Milwaukee, WI, for defendant.

### ORDER

ALESIA, District Judge.

In this cause of action, plaintiff Houston General Insurance Corporation seeks a declaration that it has no duty to defend or indemnify defendant BSM Corporation in another lawsuit brought against defendant by International Business Machines Corporation. Now before the court are (1) defendant BSM Corporation's objections to Magistrate Judge Bobrick's Report and Recommendation, which recommended that plaintiff Houston General Insurance Corporation's motion for summary judgment be granted and that defendant BSM Corporation's counterclaim be dismissed; and (2) plaintiff's motion to strike defendant's May 10, 1993, letter to the court and the accompanying "Supplemental Affidavit" as untimely and as improper *ex parte* communication.

### Plaintiff's Motion to Strike

■ The documents to which plaintiff objects were docketed May 11, 1993, long after the motion for summary judgment had been briefed and shortly after the May 3 deadline for objections to the Report and Recommendation had passed. The documents were accompanied by no motion to file instanter. Although plaintiff is correct that defendant's filing of the supplemental affidavit was technically improper, the court will consider the affidavit. This affidavit in essence only serves to identify and authenticate a discovery response from the lawsuit between IBM and defendant. Especially since the discovery responses do not change the conclusion this court reaches, it is preferable to include the affidavit as part of the considered record. Otherwise, the motion to strike could be mistaken as determining the outcome of the summary judgment motion.

■ The letter from counsel for defendant that came with the affidavit, however, was not only sloppy practice; that letter was a breach of a party's duty not to engage in *ex parte* communication with the court. The letter was not along the lines of "enclosed please find a courtesy copy"; rather, it engaged in argument to the court. Therefore, this letter is stricken from the record.

Accordingly, plaintiff's motion to strike is granted in part and denied in part. The letter from Francis W. Deisinger to Judge Alesia dated May 10, 1993, is stricken.

### Plaintiff's Motion for Summary Judgment

■ Magistrate Judge Bobrick has recommended that plaintiff be granted summary judgment and that defendant's counterclaim be dismissed. The court has reviewed *de novo* his Report and Recommendation, and is in full agreement with the magistrate judge's conclusions and the vast majority of his reasoning. The court only wishes to (1) distinguish its reasoning from that of the magistrate judge in one regard, and (2) add a note about a recent Illinois case that bolsters the conclusions of the Report and Recommendation.

The most straightforward and precise treatment of the merits of the summary judgment motion occurs in the last pleading, Houston General's Motion to Strike and Response to BSM's Objections to Magistrate [Judge] Bobrick's Report and Recommendation. Houston General argues:

> [I]t makes no difference to the analysis whether it was BSM or its customers that advertised. If either were the case, there would be no coverage unless IBM had alleged slogan or copyright infringement resulting from the advertising. Thus, BSM's objection to the Magistrate's [sic] statement in that regard and its subsequent improper "Supplement [sic] Affidavit" are not well taken.

(Houston General's Motion to Strike and Response to BSM's Objections to Magistrate [Judge] Bobrick's Report and Recommendation at 2–3 (footnote omitted))

The energy spent on debating whether IBM's complaint alleges offenses that occurred in the course of advertising is misplaced. It is only to the extent Magistrate Judge Bobrick joins this debate that the court would have taken a slightly different course in reaching the same result. The key, as Houston General asserts, is looking to the policy definition of "advertising injury," and determining whether the IBM complaint sounds in one of the enumerated areas defined exclusively as covered advertising injury. For the reasons given by Magistrate Judge Bobrick, the court holds it does not. As the Seventh Circuit recently explained, applying Illinois law, "[w]here the language of an insurance contract is clear and unambiguous, courts do not hesitate to give full effect to its provisions." *Horning Wire Corp. v. Home Indemnity Co.*, 8 F.3d 587, 589 (7th Cir.1993). The contract here is clear and unambiguous, and the full effect is to absolve Houston General of any duty to defend or indemnify BSM on IBM's complaint.[1]

■ On the issue of the ripeness of Houston General's request for a declaration of no duty to indemnify, a recent Illinois Supreme Court case strengthens the magistrate judge's conclusions. The court clarified its prior decisions on an insurer's duty to indemnify once a decision has been made on the insurer's duty to defend in *Crum & Forster Managers Corp. v. RTC*, 156 Ill.2d 384, 189 Ill.Dec. 756, 620 N.E.2d 1073 (1993). In both *Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 154 Ill.2d 90, 127, 180 Ill.Dec. 691, 708, 607 N.E.2d 1204, 1221 (1992) and *United States Fidelity & Guar. Co. v. Wilkin Insulation Co.*, 144 Ill.2d 64, 73, 161 Ill.Dec. 280, 284, 578 N.E.2d 926, 930 (1991), the Illinois Supreme Court had held that the issue of the duty to indemnify was not ripe until liability had been adjudged in the underlying suit. However, in *Crum & Forster*, 156 Ill.2d at 398, 189 Ill.Dec. at 764, 620 N.E.2d at 1081, the court stated the above principle only operated in cases where a court has determined the insurer has a duty to defend, thereby distinguishing the situation in *Crum & Forster*, where no duty to defend was found, from that of *Outboard Marine* and *Wilkin*, where such a duty existed. Moreover, the court explained there can be no duty to indemnify when no duty to defend exists. This is because the duty to indemnify is based on actual policy coverage, while the duty to defend is based more broadly on the policy's potential coverage. Thus, if a basis for potential coverage is lacking in the underlying complaint, it is impossible to find actual coverage upon final judgment. *Crum & Forster*, 156 Ill.2d at 398, 189 Ill.Dec. at 764, 620 N.E.2d at 1081.

■ Therefore, Illinois law allows this court to grant summary judgment declaring that the plaintiff-insurer has neither a duty to defend nor a duty to indemnify the defendant-insured.

■ The court adds for clarification that, of course, federal jurisdictional ripeness concerns cannot necessarily be satisfied by state law. The fact that Illinois allows for full disposition of this matter, however, helps the court conclude that the matter is fit for judicial decision, a key element to the finding of ripeness. *See, e.g., Pacific Gas & Electric*

---

1. Defendant's counterclaim stated merely the flipside of plaintiff's complaint. Therefore, Magistrate Judge Bobrick correctly recommended dismissal of the counterclaim once he decided plaintiff should be granted summary judgment, a point to which defendant did not object. Therefore, since the court today grants plaintiff summary judgment, it also dismisses defendant's counterclaim.

Co. v. State Energy Resources Conservation & Dev. Comm'n, 461 U.S. 190, 201, 103 S.Ct. 1713, 1720, 75 L.Ed.2d 752 (1983). In short, the court finds both that (1) as a matter of Illinois law, it may declare that there is a duty neither to defend nor to indemnify; and (2) as a matter of federal law, plaintiff's complaint is ripe in all respects.

Accordingly, after *de novo* review, Magistrate Judge Bobrick's Report and Recommendation is adopted in part and not adopted in part. Plaintiff's motion for summary judgment is granted, and defendant's counterclaim is dismissed with prejudice.

### CONCLUSION

Plaintiff's motion to strike is granted in part and denied in part. The letter from Francis W. Deisinger to Judge Alesia dated May 10, 1993, is stricken. After *de novo* review, Magistrate Judge Bobrick's Report and Recommendation is adopted in part and not adopted in part. Plaintiff's motion for summary judgment is granted, and defendant's counterclaim is dismissed with prejudice. Accordingly, judgment is entered on behalf of plaintiff and against defendant. The court finds and declares that plaintiff, Houston General Insurance Corporation, has no duty to defend or indemnify defendant BSM Corporation with respect to the complaint filed by International Business Machines Corporation in the United States District Court for the Northern District of Illinois under Docket No. 92 C 2898.